**ESTATE OF PEMILA YOUNG (deceased), HARRY YOUNG
Administrator, ATONIO MATA, and FA`AALIGA
SEUMANUTAFA, Plaintiffs,**

v.

**M/V DIANA LYNN, her engines, tackle, apparel and furniture,
W. F. MANAGEMENT CO, INC., a corporation,
and Does I through X, inclusive, Defendants.**

High Court of American Samoa
Trial Division

CA No. 28-93
CA No. 31-94
CA No. 32-94

December 2, 1997

154

Before RICHMOND, Associate Justice, TUA'OLO, Associate Judge, and SAGAPOLUTELE, Associate Judge

Counsel: For Plaintiffs, Brian M. Thompson
 For Defendants, William H. Reardon

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

### Introduction

Pemila Young ("Young") and plaintiffs Antonio Mata ("Mata") and Fa`aaliga Seumanutafa ("Seumanutafa") were hired by defendant W.F. Management Co. ("W.F. Management") to perform work in refurbishing the M/V Conquistador. On March 30 or March 31, 1992, Young, Mata, and Seumanutafa entered and began cleaning a fish well on the M/V Conquistador. They were later discovered unconscious. Mata and Seumanutafa sustained injuries as a result of this accident. Young was transported to LBJ Tropical Medical Center where he had periods of consciousness until his death several days later.

After repairs were completed on the Conquistador, it was certified by the U.S. Coast Guard and began to operate·under the name M/V Diana Lynn.

Plaintiff Estate of Pemila Young ("Estate of Young") brought a wrongful death action and Mata and Seumanutafa brought personal injury actions against defendant M/V Diana Lynn ("M/V Diana Lynn") and W.F.

155

Management, the vessel's owner. It is asserted in all three cases that Young, Mata, and Seumanutafa are "seamen" and thus entitled to sue their employer pursuant to the Jones Act and general maritime law. The court consolidated the three cases.

W.F. Management moved for summary judgment on grounds that Young, Mata, and Seumanutafa are not seamen and thus not entitled to recover under the Jones Act or general maritime law. We heard the motion on December 12, 1996 and took it under advisement. We also scheduled a hearing on December 31, 1996 on a contemporaneous motion filed by Young, Mata, and Seumanutafa to compel W.F. Management to produce requested crew's lists and sale and transfer documents for the M/V Diana Lynn, information relevant to the motion for summary judgment. Then, on December 31, 1996, we deferred ruling on the motion for summary judgment until the deposition of David L. Franklin, W.F. Management's owner, concerning the hiring of Young, Mata, and Seumanutafa, was available. This deposition was later taken and was filed in this action on April 25, 1997.

## Discussion

*I. Summary Judgment*

"A party against whom a claim . . . is asserted . . . may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof." T.C.R.C.P 56 (b). Once the moving party has put forth a prima facie case, the party opposing summary judgment has the burden of showing that there are genuine issues of material fact which render summary judgment inappropriate. *Amerika Samoa Bank* v. *Pacific Reliant Industries,* 20 A.S.R.2d 102, 109 (App. Div. 1992); see *also, Bryant v. Southwest Marine of Samoa, Inc.,* 25 A.S.R.2d 171, 173 (Trial Div. 1994). However, "In reviewing the pleadings and supporting papers, a court must view them in the light most favorable to the non-moving party." *Lang v. American Samoa Gov't,* 24 A.S.R.2d 59, 60 (Trial Div. 1993).

W.F. Management maintains that the issue of whether Young, Mata, and Seumanutafa are seamen, and thus eligible to sue the M/V Diana Lynn and W.F. Management under the Jones Act and general maritime law, is one of both law and fact which can be resolved on summary judgment when there is no dispute as to the material facts. The Estate of Young, Mata, and Seumanutafa argue that the issue of whether an individual is a seaman is a question of fact and cannot be appropriately decided on summary judgment.

The definition of a "seaman" under the Jones Act is better characterized as a mixed question of law and fact than as a pure question

of fact. "The inquiry into seaman status is of necessity fact specific; it will depend on the nature of the vessel and the employee's precise relation to it. Nonetheless, summary judgment is mandated where the facts and the law will reasonably support only one conclusion." *McDermott Int'l Inc. v. Wilander,* 498 U.S. 337, 356, 112 L.Ed.2d 866, 883 (1991) (citation omitted). *See also, Kathriner* V. *Unisea, Inc.,* 975 F.2d 657, 660 (9th Cir. 1992) (upholding a summary judgment which precluded recovery under the Jones Act because the place where the plaintiffs were injured was not a "vessel in navigation")

We conclude, therefore, that the issue of whether Young, Mata, and Seumanutafa are seamen is an issue appropriately decided on summary judgment.

*II. Seaman Status*

■ The Jones Act provides a cause of action to a seaman for personal injuries sustained in the course of employment. 46 U.S.C.S. App. § 688 (Law. Co-op. 1987). A recent case, *Heise v. Fishing Co. of Alaska, Inc.,* 79 F.3d 903 (9th Cir. 1996), is quite similar to the case at bar and applies the legal definition of seaman as used in the Jones Act and general maritime law. In *Heise,* the court affirmed a district court's summary judgment ruling that a temporary land-based repair worker was not a seaman under the Jones Act.

■ The *Heise* court used the two prong test set forth in *Chandris, Inc.* v. *Latsis,* 515 U.S. 347, 115 S.Ct. 2172, 132 L.Ed2d 314 (1995):

> First, . . . an employee's duties must contribute to the function of the vessel or the accomplishment of its mission. . . . Second, . . . a seaman must have a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of both its duration and its nature.

*Id.* at 368, 115 S.Ct. at 2190, 132 L.Ed.2d at 337 (quotations omitted); see *Heise,* 79 F.3d at 906; *Wilander,* 498 U.S. at 355, 112 L.Ed.2d at 882. The *Chandris* court also emphasized that:

> the total circumstances of an individual's employment must be weighed to determine whether he had a sufficient relation to the navigation of vessels and the perils attendant thereon. . . . [T]he ultimate inquiry is whether the worker in question is a member of the vessel's crew or simply a land-based employee who happens to be working on the vessel at a given time.

*Chandris* 515 U.S. at 370, 115 S.Ct. at 2190-91, 132 L.Ed.2d at 338.

(quotations omitted); see *Heise,* 79 F.3d at 906; *Wallace v. Oceaneering Int'l,* 727 F.2d 427, 432 (5th Cir. 1984)

 Young, Mata, and Seumanutafa were simply land-based employees who happened to be working on the M/V Diana Lynn at the time they were injured. W.F. Management hired them to perform repairs on the ship to help ready it for navigation. Seumanutafa did state that before the accident, John Mourian, W.F. Management's port engineer, told him that Young, Mata, and himself were crew members. Mournian, however, had no authority to hire crewmembers. By their depositions and affidavits, Mata and Seumanutafa admit that, whatever their future expectations, they were not members of the crew when they were injured.[1] Young, Mata, and Seumanutafa never signed the ship's articles and were never on the vessel's crew list.

 "[T]he requirement that a seaman work *at sea* in the service of the ship embodies the first basic principle of the definition of seaman . . . ." *Heise,* 79 F.3d at 906 (emphasis in original) (citations omitted). Land-based workers are not seamen. The M/V Diana Lynn was not in navigation at the time of the accident. The vessel had been in dry dock and tied up at port undergoing repairs for at least three years. When the vessel was shifted from one position at the dock to another, it was not under her own power. As Mata and Seumanutafa state, the ship did not leave port until after the accident.

Young, Mata, and Seumanutafa do not, therefore, meet the definition of seaman as established in *Chandris* and subsequent cases.

### Order

Because Young, Mata, and Seumanutafa were land-based, non-crew member employees while working on the M/V Diana Lynn, they are not seamen entitled to remedies under the Jones Act or general maritime law. We grant summary judgment in favor of W.F. Management and the M/V Diana Lynn and against the Estate of Young, Mata, and Seumanutafa.

It is so Ordered.

---

[1] ". . . John Mourian promised us we would be crew members of the vessel when it left port . . ." Mata Aff. at 1. The *Heise* court addressed similar circumstances in which a plaintiff's belief at the time of injury that he would eventually be hired as a crew member was insufficient to raise the repair worker to seaman's status. *Heise,* 29 F.3d at 906.